UNITED STATES DISTRICT COURT
OF NEVADA

JUAN CARLOS GIL, an individual,
and
ACCESS 4 ALL, INC., a Florida not for
Profit Corporation,

      CASE:

    Plaintiffs,
v.

DIAMOND RESORTS POLO
DEVELOPMENT, LLC,
a Delaware Limited-Liability Company, and
HILTON GRAND VACATIONS COMPANY,
LLC, a Delaware Limited-Liability Company,

    Defendants.
_____/

# COMPLAINT

Plaintiffs, and JUAN CARLOS GIL and ACCESS 4 ALL, INC, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, DIAMOND RESORTS POLO DEVELOPMENT LLC, a Delaware Limited-Liability Company, and HILTON GRAND VACATIONS COMPANY, a Delaware Limited-Liability Company, (collectively hereafter "Defendants") and as grounds allege:

JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

1

42 U.S.C. § 12181, *et seq*.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4.    Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris*. Plaintiff, JUAN CARLOS GIL, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5.    Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff, JUAN CARLOS GIL, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6.    Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7.    At all times material, Defendant, DIAMOND RESORTS POLO

DEVELOPMENT LLC, was and is a Delaware Limited-Liability Company located in Nevada and doing business in the State of Nevada, owning and operating a hotel in the State of Nevada, and deriving substantial revenue from the State.

8. At all times material, Defendant, DIAMOND RESORTS POLO DEVELOPMENT LLC, owned, leased, and/or operated the Commercial Property located at 3745 Las Vegas Blvd., Las Vegas, NV 89109 (hereinafter "Commercial Property") operated as "Hilton Vacation Club Polo Towers Las Vegas".

9. At all times material, Defendant, HILTON GRAND VACATIONS COMPANY, was and is a Delaware Limited-Liability Company located in Las Vegas and doing business in the State of Las Vegas, owning and operating a hotel in the State of Las Vegas, and deriving substantial revenue from the State.

10. At all times material, Defendant, HILTON GRAND VACATIONS COMPANY, owned, leased, and/or operated the Commercial Property located at 3745 Las Vegas Blvd., Las Vegas, NV 89109  (hereinafter "Commercial Property") operated as "Hilton Vacation Club Polo Towers Las Vegas".

11. Venue is properly located in the District of Nevada pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Las Vegas, Nevada.

12. Defendants' Commercial Property at issue in this matter and the business therein are located in and around the Clark County area. The Defendants regularly conduct business within Clark County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Clark County area.

## FACTUAL ALLEGATIONS

13. Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and

3

pursuant to the ADA. Plaintiff, JUAN CARLOS GIL, is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself). Plaintiff travels around the U.S. and internationally, including but not limited to events aimed at, or geared toward, people with disabilities. Plaintiff, Gil, is also an active member of the National Federation of the Blind and on the board of directors for Access. As such, he actively promotes both groups and addresses the needs of active and prospective members of both organizations and the disabled community at large, on his travels.

14. Plaintiff, JUAN CARLOS GIL, stayed at the commercial property from November 20 to November 21, 2025. Plaintiff, Gil, traveled to the Las Vegas area to attend the Formula One racing event as well as visit the local casinos. The Commercial Property's proximity to the racing event made it the closest venue to that he could access. Plaintiff, JUAN CARLOS GIL, plans on returning to the Commercial Property a few times in 2026 to attend the Formula One race, a few conferences scheduled throughout the year as well as National Federation of the Blind meetings. If the property remains inaccessible at that time, he will once again be forced to change accommodations and will suffer the stress and expense of another last minute relocation.

15. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

16. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A. <u>Parking and Exterior Routes</u>

  i. Access aisles lead to vehicle lanes, violating § 502.3 of the 2010 ADA Standards for Accessible Design.  The improper aisles impede Plaintiffs' ability to maneuver within the parking area.

  ii. Cross slopes set greater than 3% and have abrupt level changes on routes to the entrances, violating § 302.4 of the 2010 ADA Standards for Accessible Design.  The improper slopes impede Plaintiffs' ability to maneuver within the parking area.

  iii. Under 50% of entrance doors are located on accessible routes, maneuvering clearances, violating § 206 & 404.2 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' ability to maneuver within the parking area.

B. <u>Access to Goods and Services</u>

  i. Charging counters set at a height of greater than 34 inches above the floor, violating § 902.3 of the 2010 ADA Standards for Accessible Design.  The improper height impedes Plaintiffs' ability to access the counters.

  ii. Pool is inaccessible violating § 242 and 1009.2 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' ability to access the pool area.

C. <u>Restrooms</u>

  i. Sink rim set at a height of greater than 36 inches above the floor, violating § 606.3 of the 2010 ADA Standards for Accessible Design.  The improper height impedes Plaintiffs' access to the sink and use of restrooms.

  ii. Mirror height greater than 40 inches to the reflective surface violating § 603.3 of the

        2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' use of the restroom.

  iii.     Stall door lacks required hardware, violating § 604.8.1.2 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' use of the restroom.

  iv.     Coat storage hook set at a height of greater than 48 inches above the floor, violating § 308 and 603.4 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' use of the restroom.

  v.     Side grab bar extends 48 inches from rear wall, violating § 604.5.1 of the 2010 ADAS and impeding Plaintiffs' ability to maneuver.

  vi.     Pool restroom sink lacks required knee clearance, violating § 606 and 306.3 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' use of the restroom..

  vii.     Pool restroom sink height exceeds 36 inches, violating § 606.3 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' use of the restroom.

  viii.     Pool restroom grab bars are improperly located and obstructed, violating § 604.5 and 609 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' use of the restroom.

  ix.     Pool restroom door has inoperable parts, violating § 404 and 309.4 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' use of the restroom.

D.    <u>Hotel Guestroom</u>

  i.     The guestroom door lacks required maneuvering clearance to exit, violating § 404.2.4

        of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' ability to access the hotel guestroom.

ii. Clearance around bed is less than 30 inches, violating § 305 and 806 of the 2010 ADA Standards for Accessible Design.  The improper clearance impedes Plaintiffs' ability to access the hotel guestroom.

iii. Grab bars are improperly located, violating § 604.5 and 609 of the 2010 ADA Standards for Accessible Design.  The improper grab bar design impedes Plaintiffs' ability to access the hotel guestroom.

iv. Flush controls not mounted to open side, violating § 604.6 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' ability to access the controls.

v. Mirror height is greater than 40 inches above the floor to reflective surface, violating § 603.3 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' ability to use the mirror.

vi. Shelves and storage hooks set higher than 48 inches above the floor, violating § 308 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' ability to access the hotel guestroom.

vii. Roll-in shower is an inaccessible design and violates § 608.2.2, 608.3.2, 608.4 and 610 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' ability to use the shower.

17. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs

and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

## COUNT I – ADA VIOLATIONS

18. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 17 above as though fully set forth herein.

19. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

20. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

21. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

23. A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

25. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.  Issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b.  Issue injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c.  Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)

26. Plaintiffs incorporate and reallege paragraphs 1 through 17 as though set forth fully herein.

27. This is an action for violations of 28 C.F.R. Section 36.302(e)(1).

28. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

29. Defendants own, operate, control and/or maintain a website for the Commercial Property, and/or manages listings and provide information to third party site, which contain an online reservations systems for the Commercial Property. This website is located at: https://www.hilton.com/en/hotels/lasptgv-hilton-vacation-club-polo-towers-las-vegas/?SEO_id=GMB-AMER-HH-LASPTGV&y_source=1_ODE0MDczMzItNzE1LWxvY2F0aW9uLndlYnNpdGU%3D.

30. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

31. Prior to the commencement of this lawsuit, Plaintiff, JUAN CARLOS GIL, visited Defendants' website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

32. In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff, JUAN CARLOS GIL'S room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

33. In the near future, including as set forth above, Plaintiff, JUAN CARLOS GIL, intends to revisit Defendants' website and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room

and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

34. Plaintiffs are continuously aware that the subject website remain non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

35. The violations present at Defendants' website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' website. By continuing to operate the website with discriminatory conditions, Defendants contribute to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendants' online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

36. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to modify their website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

37.     Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.

38.     Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

39.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the subject website to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendants cure its' violations of the ADA.

40.     Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.      Issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act,

42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

      b.     Issue injunctive relief against the Defendants including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

      c.     Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

      d.     Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 9th, 2026

Respectfully submitted,

*/s/ Lee Iglody*
Lee Iglody
2580 St Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: 702-425-5366
lee@iglody.com

*/s/ John A. Salcedo*
John A. Salcedo
FL Bar No. 14665*
THE MINEO SALCEDO LAW FIRM, P.A.
5600 Davie Road
Davie, FL 33314
Telephone: 954-463-8100
Service@mineolaw.com

*Pro Hac Vice application forthcoming